**UNITED STATES of America,**
**Plaintiff–Appellee**

**v.**

**Francisco Javier PRIETO–**
**HERNANDEZ, Defendant–**
**Appellant.**

**No. 07–40868.**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 2008.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM: *

Francisco Javier Prieto–Hernandez pleaded guilty to being "found in the Unit-

---

\* Pursuant to 5TH CIR. R. 47.5, the court has     determined that this opinion should not be

**308**

ed States" following a prior removal and without having obtained consent to reapply for admission, in violation of 8 U.S.C. § 1326. He was indicted for being found in the United States in violation of § 1326, and the judgment states, under the heading "Nature of the Offense," that he was adjudicated guilty of "re-entry of a deported alien." Prieto–Hernandez asserts that the offense of illegal reentry is distinct from the offense of being found in the United States. He seeks a remand pursuant to FED.R.CRIM.P. 36 for correction of the judgment to reflect the proper offense of conviction.

Rule 36 authorizes us to correct only clerical errors, which occur when "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Steen*, 55 F.3d 1022, 1025–26 n. 3 (5th Cir.1995). Section 1326 is entitled "[r]eentry of removed aliens" and provides, inter alia, that any alien who has been denied admission, excluded, deported, or removed, and who subsequently enters, attempts to enter, "or is at any time found in, the United States" without having obtained required consent or without showing that such consent is not required, is subject to certain criminal penalties. 8 U.S.C. § 1326(a), (b).

The judgment's "nature of the offense" description, "[r]e-entry of a deported alien," so closely tracks the § 1326 title, "[r]eentry of removed aliens," that it bears no indicia of the district court having made a mistake or oversight. *See* § 1326. The district court's judgment uses the term "re-entry of a deported alien" intentionally in reference to § 1326 generally; there is

published and is not precedent except under the limited circumstances set forth in 5TH CIR.

no clerical error. Accordingly, we AFFIRM the judgment of the district court.